Estate of Vannie E. Cook, Deceased, Vannie E. Cook, Jr., Independent Executor, et al. [1] v. Commissioner. Estate of Cook v. Commissioner
Docket Nos. 35815-35818, 35845, 35846, 35922, 35923.
United States Tax Court
T.C. Memo 1954-133; 1954 Tax Ct. Memo LEXIS 111; 13 T.C.M. (CCH) 822; T.C.M. (RIA) 54239; August 23, 1954, Filed *111 Felix Atwood, Esq., for the petitioners. J. Marvin Kelley, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined income tax deficiencies for 1943 as follows: Dkt.
Defi-
No.
Petitioner
ciency
35815
Vannie E. Cook
$15,265.91
35816
Loring Terrill Cook
15,350.16
35817
Vannie E. Cook, Jr.
4,484.81
35818
Elizabeth Ann Cook Jennings
4,391.45
35845
Ann Cook Campbell
5,554.10
35846
Sidney C. Campbell
5,573.83
35922
Sadie Cook Taylor
5,381.28
35923
Herman Taylor
5,331.35
The only issue for decision is whether distributions in partial liquidation of two corporations were made "at such time and in such manner" as to make the distributions "essentially equivalent to the distribution of a taxable dividend." Most of the facts have been stipulated and as stipulated are adopted as findings of fact. [Findings of Fact] The returns were filed in the First District of Texas and in the District of Louisiana. The petitioners or their spouses were stockholders of McAllen Coca-Cola Bottling Company, Inc., McAllen, Texas, or of Coca-Cola Bottling Company, Inc., Natchitoches, Louisiana, or *112 of both. Each corporation held a contract with Coca-Cola Bottling Company and was engaged in the business of bottling and selling Coca-Cola and other soft drinks. The stockholders decided in 1943 that the businesses could be carried on better by partnerships. They had found that the corporations were of no benefit in borrowing money since the individuals were required by the lenders to become personally liable for the loans. They anticipated a savings in taxes by the change. They planned to distribute all of the assets of the corporations in complete liquidations but were advised by representatives of The Coca-Cola Bottling Company that they should leave the contracts with the corporations rather than plan to transfer them, with permission of The Coca-Cola Bottling Company, to partnerships, particularly ones like theirs, which would include minors or married women as The Coca-Cola Bottling Company was reluctant about contracting with minors or married women. They decided that since the corporations were needed to hold the contracts they could also hold and, if necessary, convey title to the real estate more conveniently than could the partnerships. So they left the contracts and *113 the real estate with the corporations and transferred the operating assets subject to liabilities to the stockholders in partial liquidations so that they could transfer them to the partnerships which would then carry on the bottling businesses under sub-bottler's contracts. The corporations then ceased to engage in the bottling and merchandising business. [2]
The distributions were pro rata and in cancellation of a part of the stock. None of the stock represented stock dividends. [
Opinion] A case like this must be decided upon its own facts. The Commissioner concedes that other cases are of no particular benefit here. All of the facts contained in the record have been carefully considered and, in the light thereof, the Court has concluded that neither of these distributions in partial liquidation was made to any extent at such time and in such manner as to be essentially equivalent to the distribution of a taxable dividend within the meaning of section 115(g) but each is to be taxed pursuant to section 115(c) as received in part or full payment in exchange for stock. Decisions will be entered under *114 Rule 50. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Estate of Vannie E. Cook, Deceased, Vannie E. Cook, Jr., Independent Executor, Docket No. 35815; Loring Terrill Cook, Docket No. 35816; Vannie E. Cook, Jr., Docket No. 35817; Elizabeth Ann Cook Jennings, Docket No. 35818; Ann Cook Campbell, Docket No. 35845; Sidney C. Campbell, Docket No. 35846; Sadie Cook Taylor, Docket No. 35922; Estate of Herman Taylor, Deceased, Herman Taylor, Jr., and Henry Cook Taylor, Executors, Docket No. 35923.↩
2. This paragraph, based upon testimony represents findings of fact.↩